1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT FOR THE

9              EASTERN DISTRICT OF CALIFORNIA

10

11   LEON S. BLATT,                    )        1:03-cv-06181-OWW-SMS-P
                                       )
12              Plaintiff,             )
                                       )
13   vs.                               )        **FINDINGS AND RECOMMENDATIONS**
                                       )        **RE DISMISSAL OF ACTION**
14   PAUL M. SCHULTZ, et al.,          )        (Doc. 16)
                                       )
15              Defendants.            )
     ─────────────────────────────    )
16

17        Plaintiff, Leon S. Blatt ("plaintiff"), is proceeding pro se

18   and in forma pauperis in this civil rights action pursuant to

19   <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>,

20   403 U.S. 388 (1971).  The matter was referred to a United States

21   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local

22   Rule 72-302.

23        On August 17, 2005, the court issued an order requiring

24   plaintiff to file a second amended complaint within thirty (30)

25   days from the date of service of that order.  The thirty-day period

26   has passed, and plaintiff has failed to comply with or otherwise

27   respond to the court's order.

28   //

1

1     Local Rule 11-110 provides that "failure of counsel or of a
2 party to comply with these Local Rules or with any order of the
3 Court may be grounds for the imposition by the Court of any and all
4 sanctions . . . within the inherent power of the Court."  District
5 courts have the inherent power to control their dockets and "in the
6 exercise of that power, they may impose sanctions including, where
7 appropriate . . . dismissal of a case."  <u>Thompson v. Housing Auth.</u>,
8 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,
9 with prejudice, based on a party's failure to prosecute an action,
10 failure to obey a court order, or failure to comply with local
11 rules.  <u>See</u>, <u>e.g.</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir.
12 1995)(dismissal for noncompliance with local rule); <u>Ferdik v.</u>
13 <u>Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for
14 failure to comply with an order requiring amendment of complaint);
15 <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for
16 failure to comply with local rule requiring pro se plaintiffs to
17 keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833
18 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with
19 court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir.
20 1986)(dismissal for failure to lack of prosecution and failure to
21 comply with local rules).

22     In determining whether to dismiss an action for lack of
23 prosecution, failure to obey a court order, or failure to comply
24 with local rules, the court must consider several factors: (1) the
25 public's interest in expeditious resolution of litigation; (2) the
26 court's need to manage its docket; (3) the risk of prejudice to the
27 defendants; (4) the public policy favoring disposition of cases on
28 their merits; and, (5) the availability of less drastic

2

1   alternatives.  <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at

2   1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61;

3   <u>Ghazali</u>, 46 F.3d at 53.

4        In the instant case, the court finds that the public's

5   interest in expeditiously resolving this litigation and the court's

6   interest in managing the docket weigh in favor of dismissal as this

7   case has been pending since 2003.  The third factor, risk of

8   prejudice to defendants, also weighs in favor of dismissal, since a

9   presumption of injury arises from the occurrence of unreasonable

10  delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d

11  522, 524 (9th Cir. 1976).  The fourth factor -- public policy

12  favoring disposition of cases on their merits -- is greatly

13  outweighed by the factors in favor of dismissal discussed herein.

14  Finally, a court's warning to a party that his failure to obey the

15  court's order will result in dismissal satisfies the "consideration

16  of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at

17  1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The

18  court's order of August 17, 2005, expressly stated: "If plaintiff

19  fails to file a second amended complaint in compliance with this

20  order, the court will recommend that this action be dismissed,

21  without prejudice, for failure to obey a court order."  Thus,

22  plaintiff had adequate warning that dismissal would result from

23  non-compliance with the court's order.

24       Accordingly, the court HEREBY RECOMMENDS that this action be

25  DISMISSED, without prejudice, based on plaintiff's failure to obey

26  the court's order of August 17, 2005.

27  //

28  /

1    These Findings and Recommendations are submitted to the United

2  States District Judge assigned to the case, pursuant to the

3  provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**

4  after being served with these Findings and Recommendations,

5  plaintiff may file written objections with the court.  Such a

6  document should be captioned "Objections to Magistrate Judge's

7  Findings and Recommendations."  Plaintiff is advised that failure

8  to file objections within the specified time may waive the right to

9  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

10  (9th Cir. 1991).

11  IT IS SO ORDERED.

12  **Dated:    November 3, 2005** _____ **/s/ Sandra M. Snyder**_____
    icido3                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28